UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 03-80494 CIV-MIDDLEBROOKS

MAGISTRATE JUDGE VITUNAC

JASON LAURENCE WYNER, on behalf of herself
And all others similarly situated,

    Plaintiff,

vs.

EQUIFAX INC.,

    Defendant.

_____/

## COMPLAINT

1.    Plaintiff, JASON LAURENCE WYNER, (hereinafter referred to as "Plaintiff"), is a former employee of Defendant, EQUIFAX INC., (hereinafter referred to as "Defendant"), and brings this action on behalf of himself and all other employees and former employees of Defendant similarly situated to him for compensation and other relief under the Fair Labor Standards Act as amended, 29 U.S.C. § 216(b). Plaintiff is a citizen and resident of Broward County, Florida and within the jurisdiction of this Honorable Court.

2.    Defendant, EQUIFAX INC., is a Georgia corporation licensed to do business and doing business in the State of Florida, with a principal place of business in Palm Beach County, Florida and within the jurisdiction of this Honorable Court.

3.    This action is brought to recover from Defendant unpaid overtime compensation, liquidated damages, and costs and reasonable attorney's fees under the provisions of Title 29 U.S.C. § 201 et seq., and specifically under the provisions of Title 29 U.S.C. § 216(b) (the "Act").

4.    Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29



U.S.C. § 216(b). Defendant is, and at all times pertinent to this Complaint was, engaged in interstate commerce. At all times pertinent to this Complaint, Defendant, EQUIFAX INC., regularly operates numerous businesses. Based upon information and belief the annual gross revenue of Defendant was in excess of $500,000.00 per annum.

5. By reason of the foregoing, Defendant was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in § 3(r) and § 3(s) of the Act, 29 U.S.C. §203(r) and §203(s).

6. The additional persons who may become Plaintiffs in this action are other weekly paid and/or salaried employees and/or former employees of the Defendant who are and who were subject to the payroll practices and procedures described in Paragraphs 9 and 10 below and who were not paid time and one-half of their regular rate of pay for all overtime hours worked beginning on or after June 1, 2000.

7. At all times pertinent to this Complaint Defendant failed to comply with Title 29 U.S.C. §§ 201-219 and DOL Regulation 29 C.F.R. §§ 516.2 and 516.4 in that Plaintiff and those similarly situated to Plaintiff performed services for Defendant for which no provision was made by the Defendant to properly pay Plaintiff for those hours.

8. From February 25, 2003 through present, Plaintiff, JASON LAURENCE WYNER, was employed by Defendant. By reason of such employment, Plaintiff was employed during such period by an enterprise engaged in commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff himself was engaged in commerce. The work performed by Plaintiff was directly essential to Defendant, EQUIFAX INC., in interstate commerce, which was directly essential to the business performed by Defendant.

9. Plaintiff's employment with Defendant provided for compensation on a bi-weekly

basis. Plaintiff was not paid time and one-half of her regular rate of pay for all hours worked in excess of forty (40) during a work week.

10. In the course of employment with Defendant, Plaintiff and all other similarly situated employees, worked the number of hours required of them but was not paid time and one-half of her regular rate of pay for all hours worked in excess of forty (40) during a work week.

11. The records, if any, concerning the number of hours actually worked by Plaintiff and the compensation actually paid to her are in the possession, custody and control of Defendant.

## COUNT 1
## RECOVERY OF OVERTIME COMPENSATION
## EQUIFAX INC.

Plaintiff readopts and realleges all allegations all allegations contained in Paragraphs 1 through 11 above.

12. Plaintiff is entitled to be paid time and one-half of his regular rate of pay for each hour worked in excess of forty (40) per work week.

13. By reason of the said intentional, willful and unlawful acts of Defendant, EQUIFAX INC., Plaintiff has suffered damages plus incurring costs and reasonable attorney's fees.

14. As a result of Defendant's willful violation of the Act, all Plaintiff's are entitled to liquidated damages in an equal amount to that set forth in Paragraph 12 above.

15. Plaintiff demands trial by jury.

**WHEREFORE**, for work weeks beginning on or after June 1, 2000, Plaintiff and those similarly situated demands judgment against Defendant, EQUIFAX INC., for the wages

and overtime payments due them for the hours worked by them for which they have not been properly compensated, liquidated damages and reasonable attorney's fees and costs of suit, and for all proper relief including prejudgment interest.

**DATED THIS** 28 day of May, 2003

                                Respectfully submitted,

                                MAUS & LAWLOR, L.L.C. &
                                CHARLES H. BECHERT, III, P.A.
                                Counsel for Plaintiff
                                750 East Sample Road
                                Building #2, Suite 102
                                Pompano Beach, Florida 33064
                                Tel:   (954) 784-6310
                                Fax:  (954) 784-6313 - FAX

                                By: _/s/ Joseph M. Maus_____
                                  Joseph M. Maus, Esq.
                                  Florida Bar No. 983373

(Complaint served upon Defendant together with a copy of a Request for Admissions, Request for Production and Interrogatories)

**JS 44**
(Rev. 12/96)

# 03-80494 CIV-MIDDLEBROOKS
# CIVIL COVER SHEET

MAGISTRATE JUDGE
VITUNAC

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I.(a) PLAINTIFFS
Jason Lawrence Wyner, on behalf of himself and all others similarly situated

## DEFENDANTS
Equifax Inc.

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF: Brevard
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT: Palm Beach
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

9:03 CIV-80494/DMM/AEV

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Maus + Gruver, LLC, 750 East Sample Rd Building 2, Suite 102, Pompano Beach, FL 33064

ATTORNEYS (IF KNOWN)

(d) CIRCLE COUNTY WHERE ACTION AROSE: DADE, MONROE, BROWARD, **PALM BEACH**, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| A CONTRACT | A TORTS | FORFEITURE/PENALTY | A BANKRUPTCY | A OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | B☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | B☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | B☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | **PERSONAL INJURY** | B☐ 630 Liquor Laws | **A PROPERTY RIGHTS** | B☐ 450 Commerce/ICC Rates/etc |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 362 Personal Injury Med Malpractice | B☐ 640 R.R. & Truck | | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 365 Personal Injury Product Liability | B☐ 650 Airline Regs | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| B☐ 152 Recovery of Defaulted Student Loans Excl Veterans | ☐ 320 Assault, Libel & Slander | B☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| B☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 330 Federal Employers Liability | B☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 340 Marine | **A LABOR** | **B SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 345 Marine Product Liability | ☒ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 350 Motor Vehicle | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| | ☐ 355 Motor Vehicle Product Liability | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| **A REAL PROPERTY** | ☐ 360 Other Personal Injury | **PERSONAL PROPERTY** | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | **A CIVIL RIGHTS** | ☐ 370 Other Fraud | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| B☐ 220 Foreclosure | ☐ 441 Voting | ☐ 371 Truth in Lending | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 380 Other Personal Property Damage | **FEDERAL TAX SUITS** | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/Accommodations | ☐ 385 Property Damage Product Liability | A☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 890 Other Statutory Actions |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | **PRISONER PETITIONS** | A☐ 871 IRS – Third Party 26 USC 7609 | A OR B |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | B☐ 510 Motions to Vacate Sentence | | |
| | | **HABEAS CORPUS:** | ☐ 730 Labor/Mgmt Reporting & Disclosure Act | |
| | | B☐ 530 General | ☐ 740 Railway Labor Act | |
| | | A☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | |
| | | B☐ 540 Mandamus & Other | A☐ 791 Empl. Ret. Inc. Security Act | |
| | | B☐ 550 Civil Rights | | |
| | | B☐ 555 Prison Condition | | |

## VI. CAUSE OF ACTION
(CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE
DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

29 USC §201 et seq. — Overtime Wage Claim

LENGTH OF TRIAL
via ___ days estimated (for both sides to try entire case)

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ YES ☐ NO

## VIII. RELATED CASE(S) IF ANY (See instructions):
JUDGE ___
DOCKET NUMBER ___

DATE: 5/30/03 , 6/2/03
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # 528171 AMOUNT 150.00 APPLYING IFP ___ JUDGE ___ MAG. JUDGE ___