UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 03-80494-CIV-MIDDLEBROOKS

JASON LAURENCE WYNER, on behalf of
himself and all other similarly situated,

                Plaintiff,

v.

NAVIANT, INC.,

                Defendant.
_____/

## ORDER

This cause comes before the Court upon a Renewed Joint Motion for Approval of Settlement Agreements (DE 139) filed on November 25, 2003.

This case involves a claim for unpaid overtime compensation, liquidated damages, costs, and reasonable attorney's fees under the Fair Labor Standards Act, 29 U.S.C. §201 et. seq. ("Act"). Pl. Complaint ¶ 3. Under the Act, there are only two ways to settle claims for unpaid overtime compensation, liquidated damages, costs, and reasonably attorney's fees. *Lynn's Food Stores, Inc., v. U.S.*, 679 F.2d 1350, 1352 (11th Cir. 1982). The Secretary of Labor is authorized to bring an action under the Act and supervise the results of such action. 29 U.S.C. §216(c). Alternatively, a private action may be brought under the Act and subsequently settled provided the district court enters a stipulated judgment only after scrutinizing the settlement for fairness. *Lynn's Food Stores, Inc.*, 679 F.2d at 1352 (internal citations omitted).

This case involves the latter. The complaint (DE 1) in this private action was filed on June 2, 2003 by one plaintiff, on behalf of himself and all other employees and former employees of Defendant similarly situated to him. Pl. Complaint ¶1. Since the filing of the complaint, 97

other individuals have filed their consent to join the action as opt-in plaintiffs. Motion ¶1. The parties have reached a resolution with each opt-in plaintiff entering a settlement agreement. Motion ¶2. The parties now present the Court with 98 separate settlement agreements for the Court to approve after they are scrutinized for fairness. *See Lynn's Food Stores, Inc.*, 679 F.2d at 1352 (internal citations omitted).

In scrutinizing the settlements for fairness, the Court must determine that the settlements are a "fair and reasonably resolution of a bona fide dispute over FLSA provisions." *Id.* at 1355. While the provisions of the Act are mandatory, this Circuit has recognized that there may be bona fide disputes as to FLSA coverage and therefore a district court may approve a settlement to "promote the policy of encouraging settlement of litigation." *Id.* at 1354. This is the situation in the case at bar. The Defendant "denied the plaintiffs' allegations and disputed their entitlement to overtime and the validity of their claims." Motion ¶1. In such situations, the Court is to determine that the compromise made by the parties is fair. *Id.* at 1353.

The settlements now before the Court were entered into in an adversarial context where both sides were represented by counsel throughout the litigation, and therefore are "more likely to reflect a reasonable compromise over issues. . ." *Id.* at 1354. The parties have utilized a mathematical formula to resolve each individual claim, incorporating each employee's length of employment and hourly pay rate. Motion ¶3. There was a multiplier added to account for possible liquidated damages and a cap on "the settlement amount for a small number of highly compensated individuals with more uncertain claims than others." Motion ¶5. In addition, the fee for Plaintiffs' attorneys was apportioned equally to each agreement. *Id.* Each settlement indicates the amount each individual plaintiff is to receive in exchange for their waiver of all claims for unpaid wages and overtime, along with the amount of attorneys' fees apportioned to

their claim. Each settlement agreement also contains a confidentiality agreement, however the Court notes that the settlement agreements that are now approved by the Court will be a part of the public Court record. *See Stalnaker v. Novar Corp.*, 2003 WL 22834010 (M.D. Ala. 2003) (discussing approval of settlement agreements under the Act and presumption of openness in such cases). For the foregoing reasons, the Court finds that the settlements reached between the parties is a fair and reasonable resolution of the dispute at issue. Accordingly, it is hereby

ORDERED AND ADJUDGED that the Motion for Approval of Settlement Agreements is GRANTED and the settlements are approved. All other pending motions are hereby DENIED as moot.[1]

DONE AND ORDERED in Chambers, at West Palm Beach, Florida, this 3 day of December, 2003.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

Copies to Counsel of Record

---

[1] Specifically, Plaintiff's Motion for Approval of Notification of Potential Class Members and for Production of Names and Addresses of Potential Plaintiffs (DE 10) is denied as moot.

3